IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 8, 2004 Session

# MELVIN L. BOOKOUT, ET AL. v. KNOX COUNTY BOARD OF ZONING APPEALS, ET AL.

Appeal from the Chancery Court for Knox County
No. 157012-3    Sharon J. Bell, Chancellor

_____

### No. E2003-02490-COA-R3-CV Filed July 21, 2004

_____

This is a zoning case. The principal issue is whether a rezoning amendment must explicitly designate the maximum density approved with reference to ancillary documentation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Joshua J. Bond and Wayne A. Kline, Knoxville, Tennessee, for appellants, Melvin L. Bookout, Anthony P. and Debra L. Sliger, George E. Campbell, Fred F. and Wendy N. Foster, Carson L. and Evelyn Barger, Todd M. and Jennifer C. Olson, Donald F. and Donna A. Sharp and States View Homeowners Association.

Robert C. McConkey III, Knoxville, Tennessee, attorney for appellees, Knox County Board of Zoning Appeals and Commission of Knox County.

Arthur G. Seymour Jr. and Robert L. Kahn, attorneys for appellee, The Williams Company.

John K. King, Knoxville, Tennessee, attorney for appellee, John R. Fiser.

## OPINION

In 1975, the owner (GWR Inc.) of a 23.15 acre tract of land filed a request for a zoning change with the Planning Commission. This tract was zoned Residential-B ["RB"] and Residential-A ["RA"]; the requested change was to Planned Residential ["PR"], which would allow the tract to be used for multi-family apartments. The Metropolitan Planning Commission ["MPC"] recommended approval of the zoning change and the Knox County Commission ["KCC"] routinely approved it. The number of apartments (density) was not specified by the MPC, which reported to

the KCC that "a portion of this site (the tract) is zoned RB which permits high density multi-family . . . the proposed zoning would permit a lower density residential development of a larger area and be in keeping with the context of the plan." In 1998 the Senior Deputy Law Director of Knox County responded to a request, apparently for clarification, regarding the approved unit density on the tract, since the rezoning request of GWR specified ten (10) units per acre. He advised the MPC that ten (10) units per acre is considered medium density, because the West Knox General Plan proposes single family medium density. He further advised that in his opinion it was the intent of the MPC and the KCC to approve the rezoning at a unity density of ten (10) units per acre. In 2002, The Williams Company ["TWC"] sought approval of an application to develop a 207-unit apartment complex on the tract, which was denied by the MPC. TWC appealed to the Board of Zoning Appeals ["BZA"], which approved the project for 198 units, but required that TWC resubmit its application to the MPC to assure compliance with applicable guidelines. The MPC approved the resubmitted application with twelve conditions attached to the plan of development.

This action was filed by the Appellants seeking to overturn the decision of the BZA to approve the project, alleging that its action was illegal, arbitrary and capricious. The Plaintiffs and the Defendants filed motions for summary judgment; the motions of the Defendants were granted upon a finding that the "maximum units per acre was set by adopting the recommendations of the MPC which incorporated (sic) the implication the application of TWC which listed ten units per acre." The Plaintiffs appeal.

## Standard of Review

A trial court should grant a motion for summary judgment when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Souder v. Health Partner, Inc.*, 997 S.W.2d 140, 144 (Tenn. Ct. App. 1998). The movant bears the burden of demonstrating that no genuine issue of material fact exists. *Souder*, 997 S.W.2d at 144 (citing *Bain v. Wells,*, 936 S.W.2d 618, 622 (Tenn. 1997)). When considering a motion for summary judgment, the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of the nonmoving party, and discard all countervailing evidence. *Id.* (citing *Bain*, 936 S.W.2d at 622). Once the moving party establishes that no genuine issue of material fact exists, the burden falls on the nonmoving party to demonstrate the contrary by affidavits or discovery materials, setting forth specific facts demonstrating the genuine issue of material fact for trial. *Id.* (quoting *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)). When the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion, summary judgment is appropriate. *Id.* (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)). A review of a trial court's grant of summary judgment is *de novo* on the record without a presumption of correctness. *Id.* (citing *Bain*, 936 S.W.2d at 622; *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997)).

An action by a board of zoning appeals is an administrative or quasi-judicial act rather than a legislative act. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638-39 (Tenn. 1990). The proper method for judicial review of an action of a board of zoning appeals is by a common law writ of certiorari. Tenn. Code Ann. § 27-8-101; *McCallen, supra.* "Whether the action by the local governmental body is legislative or administrative in nature, the [reviewing] court should refrain

from substituting its judgment for the broad discretionary authority of the local governmental body." *McCallen, supra.* The "reviewing court is limited to asking whether there was in the record before the fact-finding body any evidence of a material or substantial nature from which the body could have, by reasoning from that evidence, arrived at the conclusion of fact which is being reviewed." *Massey v. Shelby County Retirement Bd.*, 813 S.W.2d 462, 465 (Tenn. Ct. App. 1991). The Supreme Court in *McCallen* clearly described the burden faced by parties challenging the actions of a board of zoning appeals.:

> [T]he court's primary resolve is to refrain from substituting its judgment for that of the local governmental body. An action will be invalidated only if it constitutes an abuse of discretion. If "any possible reason" exists justifying the action, it will be upheld . . . . [A]dministrative decisions are presumed to be valid and a heavy burden of proof rests upon the shoulders of the party who challenges the action.

*McCallen*, 786 S.W.2d at 641.

With these instructions in mind, we turn to the issues which may be stated as follows:

I.     Whether the trial court correctly concluded that the County Commission approved a density of 10-units per acre for development in 1975 when the County Commission approved a request to rezone the property from Residential-A and Residential-B to Planned Residential with a requested density of 10 units per acres?

II.    Whether the trial court correctly affirmed the BZA's approval of the application of TWC for development, where there was substantial material evidence in the record to support BZA's decision?

III.   Whether the trial court correctly determined that the property at issue was a single parcel for purposes of zoning density where the only evidence in the record was that the property was identified as a single parcel for zoning purposes or otherwise?

### Analysis

The proposed zoning amendment in 1975 specified ten (10) apartments per acre. The MPC staff recommended approval; the MCP and the KCC approved the rezoning. The Chancellor found that the maximum density for the development of the property in 1975 was determined by the KCC to be ten (10) apartments per acre. She thus agreed with the opinion of the Law Director.

The Appellants argue that the BZA was unduly influenced by the opinion of the Law Director respecting the intent of the MPC and KCC. As noted, he opined that the density of ten (10)

apartments per acre was established for the tract in 1975 by the KCC. We note that it is the responsibility of the Law Director to advise the KCC respecting legal matters, and he did so, explaining that the MPC and KCC, in 1975, rezoned the tract to PR with a density of ten (10) apartments per acre. He further explained that ten (10) apartments per acre were specified on the application which was approved without comment. But the Law Director clearly explained to the BZA that the tract "was not required to be developed at ten (10) apartments per acre but only for up to ten (10) apartments for acres." In light of this disquisition we do not believe that the BZA was unduly influenced by the Law Director. Taken as a whole, we think the record supports the legal conclusion that the MPC and the KCC approved the rezoning request as found by the Chancellor.

The Appellants argue that the BZA failed to comply with the requirements of the Knox County Zoning Ordinance, specifically Section 5.13.01, which requires that each planned unit development shall be compatible with the adjacent zones with respect to population density and, Section 6.50.06, which provides that the Planning Commission shall be guided by the policies of the General Plan and the Section Plan. The latter section further provides that the BZA "must exercise its administrative judgment" about the location and appropriateness of the proposed plan.

The Record of the December 18, 2002 BZA meeting reveals that there was considerable debate about TWC's development plan. The BZA heard testimony from the developer and the property owner in support of TWC's application, from MPC, and from representatives of area residents speaking in opposition to TWC's request. The BZA also considered several exhibits submitted by the parties including zoning maps of the area, photographs of surrounding properties, at least one traffic impact study, and plans for the development.

There was testimony that TWC had taken specific action regarding landscaping and design to minimize any adverse impact on surrounding landowners and to address concerns about any increase in traffic that might result from the development. Testimony was heard concerning the compatibility of the proposed development with adjacent properties, and the record reflects that this testimony was duly considered by the BZA.

Finally, the Appellants argue that BZA's approval of TWC's application was illegal, arbitrary and capricious because the BZA treated the property as a single parcel of land for purposes of determining zoning density, when the property should have been treated as three distinct parcels because it is bisected by Confederate Drive and States View Drive. No authority is cited in support of this argument. In any event the record establishes that the property was identified as a single parcel for tax and zoning purposes.

We note in Appellants' brief that "there is a genuine issue of material fact as to the issues and the matter should be remanded for trial." The "material fact" is not identified. We infer that this assertion has reference to the question of density, which required the BZA to consider the record of proceedings dating back to 1975. The issue of density is one of law, not fact, and properly reachable by summary judgment.

The Appellees pose the issue of whether the Appellants exhausted their administrative remedies. In light of our disposition of this case, we pretermit a discussion of this issue.

We cannot find that the action of the BZA was illegal, arbitrary or capricious and the judgment is affirmed at the costs of the Appellants.

_____
WILLIAM H. INMAN, SENIOR JUDGE